**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-672C

(Filed: July 1, 2015)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| DR. MARIAN LEON-PAUL, | \* |
| Plaintiff, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FILED**

JUL - 1 2015

U.S. COURT OF
FEDERAL CLAIMS

## DISMISSAL ORDER

WHEELER, Judge.

Plaintiff Marian Leon-Paul filed a handwritten *pro se* complaint in this Court on June 29, 2015 purporting to constitute a claim against the United States. Pl.'s Compl. at 1. In her complaint, Ms. Leon-Paul states that she wants "Citizens Bank sued on a [n]ational [l]evel" for five billion dollars and Mr. Giersbinger and his sons sued for ten billion dollars. Plaintiff also cites specific bank employees who she alleges were involved in the taking of her social security account, including Mr. Giersbinger. Id. at 1-2. Finally, Ms. Leon-Paul states that she is suing the Honorable Eric G. Bruggink, Senior Judge of the United States Court of Federal Claims. Id. at 3.

Because Ms. Leon-Paul is proceeding *pro se*, the Court must liberally construe her pleading to "see if [she] has a cause of action somewhere displayed." Stroughter v. United States, 89 Fed. Cl. 755, 760 (Fed. Cl. 2009) (internal citation omitted). The Court takes this duty seriously and has reviewed Ms. Leon-Paul's complaint carefully; however, it cannot discern a plausible cause of action therein. The Court further finds that any expenditure of governmental resources in preparing a defense to this complaint would be a waste of public funds.

The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the United States Court of Federal Claims to "claim[s] against the United States founded either upon the

Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." § 1491(a)(1). This provision means that "the *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) (emphasis in original) (citing United States v. Sherwood, 312 U.S. 584, 589 (1941)). Ms. Leon-Paul specifically names "Judge Eric G. Bruggink" as a defendant in the complaint, along with Citizen Bank, Mr. Giersbinger and his sons, and several employees of the bank who Ms. Leon-Paul claims did not protect her social security account. Pl.'s Compl. at 1. This Court does not possess jurisdiction to adjudicate claims against any of those parties. See Pikulin v. United States, 97 Fed. Cl. 71, 75 (2011) ("This court does not possess jurisdiction to hear claims against individual federal government officials or judges."); Moore v. Pub. Defenders Office, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). Ms. Leon-Paul's complaint fails to meet the foundational jurisdictional requirement that the United States be the defendant, and the only defendant.

Thus, pursuant to its inherent authority, the Court *sua sponte* dismisses Ms. Leon-Paul's complaint for failure to state a claim. See, e.g., Rockefeller v. Chu, 471 F. App'x 829, 830 (10th Cir. 2012) ("[A] court may *sua sponte* dismiss a complaint under [Federal] Rule [of Civil Procedure] 12(b)(6) for failure to state a claim if 'it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'") (internal quotation omitted); Shoop v. Deutsche Bank Nat. Trust Co., 465 F. App'x 646, 647 (9th Cir. 2012) (similar); Chyba v. BAC Home Loans Servicing, L.P., 460 F. App'x 373, 374 (5th Cir. 2012) (similar); Arbelaez v. United States, 94 Fed. Cl. 753, 763 (Fed. Cl. 2010) (similar) (citing Constant v. United States, 929 F.2d 654, 657 (Fed. Cir. 1991)); see also Stroughter, 89 Fed. Cl. at 760 ("Although *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest[.]") (internal citation omitted).

Accordingly, for the foregoing reasons, Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted. The Clerk is directed to DISMISS Plaintiff's complaint without prejudice.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge